**Michael Steven SCHAGUNN,
Plaintiff–Appellant,**

**v.**

**Sherly GILLAND, individually and as
payroll clerk for USF Reddaway; USF
Reddaway, Inc., in its corporate ca-
pacity as an Oregon corporation, De-
fendants–Appellees.**

**No. 13–35493.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 21, 2015.*

Filed Sept. 25, 2015.

Michael Steven Schagunn, West Linn,
OR, pro se.

Christina D. Arnone, Patricia Konopka,
Kansas City, MO, James Barrett, Ater
Wynne LLP, Portland, OR, for Defen-
dants–Appellees.

Before: REINHARDT, LEAVY, and
BERZON, Circuit Judges.

**MEMORANDUM ***

Michael Steven Schagunn appeals pro se
from the district court's judgment dismiss-
ing his action alleging claims arising from
his employer's decision to withhold federal
income taxes from his wages contrary to
his instructions. We have jurisdiction un-
der 28 U.S.C. § 1291. We review de novo,

*Bright v. Bechtel Petroleum, Inc.*, 780 F.2d
766, 768 (9th Cir.1986), and we affirm.

The district court properly dismissed
Schagunn's action because Schagunn failed
to allege facts sufficient to show that de-
fendants improperly withheld taxes from
his earnings. *See id.*, 780 F.2d at 770
("[A]n employer is not liable to an employ-
ee for complying with its legal duty to
withhold tax [under 26 U.S.C. § 3402]"
and "suits by employees against employers
for tax withheld are statutorily barred [by
26 U.S.C. § 3403]." (citation and internal
quotation marks omitted); *see also Ash-
croft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct.
1937, 173 L.Ed.2d 868 (2009) (to survive a
motion to dismiss a complaint must "plau-
sibly give rise to an entitlement to relief").

The district court properly denied Scha-
gunn's motion to remand because Scha-
gunn's complaint included causes of actions
over which the district court had original
and supplemental jurisdiction. *See Bright*,
780 F.2d at 768–71 (setting forth standard
of review; district court had original and
supplemental jurisdiction over employee's
claims against his employer for withhold-
ing taxes).

The district court did not abuse its dis-
cretion in dismissing the action without
leave to amend after concluding that
amendment would be futile. *See Chappel
v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26
(9th Cir.2000) (setting forth standard of
review and explaining that a district court
does not abuse its discretion in denying
leave to amend when amendment would be
futile).

We do not consider Schagunn's conten-
tions regarding the district court's award
of monetary sanctions because Schagunn
failed to file a timely notice of appeal as to

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
   cation and is not precedent except as provid-
   ed by 9th Cir. R. 36–3.

the order filed on August 2, 2013. *See* Fed. R.App. P. 4(a).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

We reject Schagunn's contentions that the district court affirmed his notices of levy or lien.

All pending motions and requests are denied.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.